```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

PS BUSINESS MANAGEMENT ET AL.                      CIVIL ACTION


v.                                                 NO. 21-1229


FIREMAN'S FUND INSURANCE CO.                       SECTION "F"
```

                            ORDER & REASONS

Before the court is Fireman's Fund Insurance Company's Rule 12(b)(6) motion to dismiss for failure to state a claim. For the reasons that follow, this motion is GRANTED.

**Background**

PS Business Management provides business consulting services to entertainment professionals. CJA Nola Realty is a property management company that operates an office of PS Business Management in New Orleans. As a result of the Covid-19 pandemic, the two companies suffered losses. They filed a claim with their insurers, including Fireman's Fund Insurance Company and Allianz Global Risk, both of which denied their claims. PS Business and CJA Nola then sued in New Orleans state court for damages and asserting bad faith in the denial of coverage. Defendants removed to this Court, and, after Plaintiffs voluntarily dismissed Allianz, Fireman's Fund filed this motion to dismiss.

Plaintiffs assert that their losses are covered under several provisions of their policy, including: Business Income and Extra Expense Coverage, Business Access Coverage, Dependent Property Coverage, Communicable Disease Coverage, Civil Authority Coverage, Delayed Occupancy Coverage, Ordinance or Law Coverage, Unnamed Location Coverage, and Loss Avoidance or Mitigation Coverage. Fireman's Fund asserts in this motion that all of those provisions require "direct physical loss or damage" and that Plaintiffs no such loss or damage. The Court reviews.

## Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 [2007]).[1] To demonstrate a facially plausible basis for relief,

---

[1] Plaintiffs submit that the pleading standard should be that established by Kaiser Aluminum, Etc., v. Avondale Shipyards, Inc., 677 F. 2d 1045, 1050 (5 Cir. 1982), in which the Fifth Circuit held that "First, we must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff. Second, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." (Internal citations

2

a plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In determining whether a plaintiff has met this burden, a court must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff," but must not accord an assumption of truth to conclusory allegations and threadbare assertions. Thompson v. City of Waco, 764 F.3d 500, 502 (5 Cir. 2014).

The foregoing presumptions are not to be applied mindlessly, however.  Thus, in considering a motion to dismiss, the Court may review any documents attached to or incorporated into the plaintiff's complaint by reference. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5 Cir. 2004).  In addition, the Court may judicially notice matters of public record and other facts not subject to reasonable dispute. See United States *ex rel*. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5 Cir. 2003).

The parties agree that New York law applies to the Court's interpretation of this policy.  "The New York approach to the interpretation of contracts of insurance is to give effect to the intent of the parties as expressed in the clear language of the contract."  Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277

---

omitted.).  This standard is no longer binding, as it was implicitly overruled by Iqbal and Twombley.

3

F.3d 232, 236 (2 Cir. 2002) (internal quotation marks omitted). New York Courts give "unambiguous provisions of an insurance contract … their plain and ordinary meaning." 10 Ellicott Square Court Corp. v. Mt. Valley Indem. Co., 634 F.3d 112, 119 (2 Cir. 2010) (citations omitted). "The question of whether the language of a contract is clear or ambiguous is one of law, and therefore must be decided by the court." Fed. Ins. Co. v. Am. Home Assur. Co., 639 F.3d 557, 568 (2 Cir. 2011) (internal quotation marks and citation omitted). "The ambiguities in an insurance policy are, moreover, to be construed against the insurer, particularly when found in an exclusionary clause." Ace Wire & Cable Co. v. Aetna Casualty & Surety Co., 60 N.Y.2d 390, 398 (N.Y. 1983). Further, an "interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless … is not preferred and will be avoided if possible." LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 206 (2 Cir. 2005) (citations and internal quotation marks omitted). Finally, "the insured bears the burden of showing that an insurance coverage covers the loss, but the insurer bears the burden of showing that an exclusion applies to exempt it from covering a claim." MBIA Inc. v. Fed. Ins. Co., 652 F.3d 152, 158 (2 Cir. 2011).

**Analysis**

Fireman's Fund's main contention is that all of the policy coverages according to which Plaintiffs have submitted their claim

4

require "direct physical loss or damage." Fireman's Fund submits that Plaintiffs have not and cannot show any such loss or damage, and that therefore they have failed to state a claim upon which relief may be granted. Fireman's Fund also provides additional reasons why claims under each coverage must fail, suggests that coverage is barred by an exclusion for viruses, and states that the bad faith claim must fail as denial was reasonable.

In response, Plaintiffs state that they have a claim for direct physical loss or damage, that they are covered under the communicable disease policy, and that Fireman's Fund's proposed definition of "direct physical loss or damage" would lead to absurd results under the operative policy. Plaintiffs also respond to Fireman's Fund's contentions concerning application of other coverages and re-submit that they have stated a claim for bad faith.

The primary issue of interpretation for the Court to resolve is the meaning of "direct physical loss or damage." The Fifth Circuit has previously agreed with a leading treatise that the "requirement that the loss be 'physical,' given the ordinary definition of that term is widely held to exclude alleged losses that are intangible or incorporeal, and, thereby, to preclude any claim … when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property." Hartford Ins. Co. of Midwest v.

5

Mississippi Valley Gas Co., 181 F. App'x 465, 470 (5 Cir. 2006) (quoting 10A Couch on Ins. § 148:46 [3d ed. 2005]).  New York courts have reached similar conclusions.  See Roundabout Theatre Co. v. Cont'l Cas. Co., 302 A.D.2d 1, 7 (N.Y. App. Div. 2002) ("coverage is limited to instances where the insured's property suffered direct physical damage"); see also Visconti Bus Serv., LLC v Utica Natl. Ins. Group, 71 Misc. 3d 516, 522 (N.Y. Sup. Ct. 2021) ("a mere loss of use or functionality does not constitute a 'direct physical loss' within the meaning of a policy providing coverage for 'direct physical loss or damage' to covered property.").  The Court finds that this language is not ambiguous on its face.  "Direct physical loss or damage" requires corporeal effect.

Plaintiffs' response is twofold.  First, Plaintiffs claim that their complaint contains specific allegations of direct physical loss or damage.  Second, Plaintiffs assert that to define "direct physical loss or damage" as requiring corporeal and demonstrable alteration of property would make other elements of the property superfluous or impossible, which is disfavored under New York law.  The Court will consider each in turn.

First, Plaintiffs assert that they "lost valuable merchandise, business records, and the property of certain clients as a result of Covid-19 contamination."  They submit that merchandise, such as tee-shirts, hats, sweatshirts, and posters,

6

was contaminated by Covid-19 and was therefore lost. The Court finds that such contamination does not suffice to show direct physical loss or damage. As another section of this district has noted, "Covid damages people not property." Q Clothier New Orleans LLC v. Twin City Fire Ins. Co., 2021 U.S. Dist. LEXIS 78244, *17 (E.D. La 2021) (internal quotation marks omitted). Plaintiffs cannot show that Covid-19 *directly* damaged their merchandise. At best, Plaintiffs can show that Covid-19 indirectly damaged certain property – they submit as possible examples of the damages suffered "a shrunken shirt after first washing, a bumper sticker with curled edges due to water/cleaner penetration into the glue, a faded cap due to the application of cleaner." Each of these may well be damages, but these damages directly result from cleaning rather than from Covid-19. As the policy requires direct physical loss or damage under each coverage, Plaintiffs have not met their burden.

The communicable disease coverage provides for pay for "direct physical loss or damage to property insured caused by or resulting from a covered communicable disease event … including … necessary costs incurred to: … mitigate, contain, remediate, clean, detoxify, disinfect." The types of damages suggested by Plaintiffs could qualify as costs incurred in cleaning or detoxifying the property if this coverage were to apply. However, a communicable disease event is defined as "an event in which a

7

public health authority has ordered that a location be evacuated, decontaminated, or disinfected due to the outbreak of a communicable disease at such location." While Covid-19 is undoubtedly a communicable disease within the meaning of the policy, Plaintiffs have not submitted claims suggesting that their location was required to be "evacuated, decontaminated, or disinfected." They do suggest that there was "a prohibition of access," but submit no claims suggesting that they were ordered to evacuate, decontaminate, or disinfect their property. The communicable disease coverage does not apply.[2]

Alternatively, Plaintiffs submit that "direct physical loss or damage" cannot be read literally as such a reading would result in inconsistent results under the policy. As the Court has noted, New York law disfavors "interpretation[s] of a contract that has the effect of rendering at least one clause superfluous or meaningless." LaSalle Bank, 424 F.3d at 206. Plaintiffs note that the policy covers Business Personal Property, which includes, among other things, stock. Stock is defined to include "[y]our interest in labor, materials, or services furnished or arranged by

---

[2] Plaintiffs submit, both here and elsewhere, that "defendants must show that plaintiffs can prove no set of facts 'beyond a doubt,' in order to secure a dismissal at this junction." They rely on Kaiser Aluminum to assert this position. As previously noted, this is no longer the standard for a Rule 12(b)(6) motion to dismiss. Instead, Plaintiffs are required to provide a factual basis for a facially plausible claim. They have not done so.

8

you on personal property of others." Plaintiffs submit that it is not possible to show "direct physical loss or damage" to services under the definition Fireman's Fund proposed (with which this Court agrees). As such a definition would render a clause meaningless, Fireman's Fund requests that the Court adopt a more liberal understanding of the phrase "direct physical loss or damage."

The Court declines to do so. As Fireman's Fund notes in its reply, the stock provision covers the "value of services embedded in someone else's property if that property is physically lost or damaged." As a pertinent example, the Court suggests that damage to a stadium before a show sponsored by Plaintiffs might result in coverage of the value of services done by Plaintiffs' agents prior to the show. There is no conflict between the definitions and terms of the agreement and the Court's interpretation.[3]

***

The Court's decision today is in accord with the vast majority of cases decided across the federal judiciary. To date, at least three Circuits and hundreds of district courts have considered similar claims and granted motions to dismiss or for summary

---

[3] Plaintiffs rely on their request for a more liberal definition of "direct physical loss or damage" when asserting that they have shown coverage under the Civil Authority Coverage, Ordinance or Law Coverage, Unnamed Location Coverage, and Dependent Property Coverage. As the Court declines to adopt that definition, and as Plaintiffs have not shown and cannot show direct physical loss or damage, Plaintiffs have not adequately shown coverage under those provisions of the policy.

judgment.  See Gilreath Family & Cosmetic Dentistry, Inc. v. Cincinnati Ins. Co., 2021 U.S. App. LEXIS 26196, *6 (11 Cir. 2021) (as claimants had "alleged nothing that could qualify, to a layman or anyone else, as physical loss or damage," the district court's grant of a motion to dismiss was affirmed), see also Santo's Italian Café LLC v. Acuity Ins. Co., 2021 U.S. App. LEXIS 28720, *7 (6 Cir. 2021) ("Whether one sticks with the terms themselves (a 'direct physical loss of' property) or a thesaurus-rich paraphrase of them (an 'immediate' 'tangible' 'deprivation' of property), the conclusion is the same. The policy does not cover this loss."). The Court agrees.  Plaintiffs have not shown and cannot show direct physical loss or damage and have failed to demonstrate coverage in another way.  Finally, as the Court finds that denial of coverage was objectively reasonable, Plaintiff's claims for bad faith must fail.[4]

Accordingly, for the foregoing reasons, IT IS ORDERED: that Fireman's Fund's Motion to Dismiss is GRANTED with prejudice.

New Orleans, Louisiana, October 27, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] As the Court need not consider it to reach this result, the Court declines to address the contentions surrounding the so-called "virus exclusion."

10